UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

SARAH WEILER,                        )
Individually and on behalf           )
of minor son,                        )   Civil Action No. 5:12-68-JMH
                                     )
SANFORD LOGAN WEILER, III,           )
Individually and on behalf           )
of minor son,                        )
                                     )   **MEMORANDUM OPINION AND ORDER**
        Plaintiffs,                  )
                                     )
v.                                   )
                                     )
ASTELLAS PHARMA US, INC, et al,      )
                                     )
        Defendants.                  )


**         **         **         **          **

This matter is before the Court upon its own motion. The Court has reviewed the Notice of Removal, [DE 1], filed by Defendant Astellas Pharma US, Inc. ("Astellas") and the exhibits attached thereto. For the following reasons, this matter will be remanded to the Fayette Circuit Court.

As its basis for removing this matter to federal court, Astellas contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs joined the non-diverse defendants fraudulently. Accordingly, Astellas argues, this Court must ignore the non-diverse defendants' citizenship for diversity purposes. While Astellas is correct that the citizenship of fraudulently joined non-diverse parties is to be ignored in determining whether complete diversity exists, *see Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), fraudulent joinder

has not occurred in this case.

As its basis for alleging that all defendants, other than itself, were joined fraudulently, Astellas reports the following: On November 4, 2011, Defendants Pediatric Adolescent Associates, P.S.C. and its physicians ("PAA Defendants") propounded requests for admission upon Plaintiffs.  The requests were directed at determining whether Plaintiffs could establish a prima facie case of medical negligence against PAA Defendants.  Plaintiffs' responses to the requests for admission were due by December 7, 2011.  Having received no responses from Plaintiffs, PAA Defendants filed, in Fayette Circuit Court, a motion for summary judgment on February 9, 2012.  Plaintiffs subsequently served their answers to PAA Defendants' requests for admission on March 2, 2012. Additionally, on January 23, 2012, Defendants Dermatology Associates of Kentucky and one of its physicians ("DAK Defendants") propounded upon Plaintiffs requests for admission, similar in nature to those served by PAA Defendants.  Plaintiffs' responses to these requests were due by February 27, 2012.  On February 28, 2012, having received no response from Plaintiffs, DAK Defendants also filed a motion for summary judgment in Fayette Circuit Court. Plaintiffs served responses to DAK Defendants' requests for admission on March 2, 2012.  Astella argues that, because Plaintiffs failed to respond to the requests for admission within the time permitted by Kentucky Rule of Civil Procedure 36.01, the

2

matters therein are deemed admitted and Plaintiffs now have no possibility of recovery against PAA Defendants or DAK Defendants. Astella contends that this sequence of events renders both PAA and DAK Defendants fraudulently joined and, therefore, removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

"[F]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne,* 183 F.3d at 493 (citing *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)). It arises when a non-removing party joins a party against whom there is no colorable cause of action and, in doing so, destroys complete diversity among the parties. *See Saginaw Hous. Comm'n v. Bannum, Inc.,* 576 F.3d 620, 624 (6th Cir. 2009). To obtain removal under this doctrine, Astella has the difficult burden of showing that Plaintiffs could not have established a cause of action against PAA Defendants or DAK Defendants under state law. *See Walker v. Philip Morris USA, Inc.,* 443 F. App'x 946, 953 (6th Cir. 2011)(unpublished opinion)(citing *Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003)). For the following reasons, Astella has failed to make the required showing.

Plaintiffs' Complaint avers facts which could reasonably support a claim of medical negligence under Kentucky law. *See Grubbs ex rel. Grubbs v. Barbourville Family Health Ctr. P.S.C.,* 120 S.W.3d 682, 688 (Ky. 2003)(describing elements of prima facie

3

case of medical negligence).  Astella, in its Notice of Removal, does not argue otherwise.  Astella sets forth no basis, aside from Plaintiffs' failure to respond timely to the requests for admission, to indicate that Plaintiffs, as a matter of law, could not recover from the non-diverse Defendants.  Fraudulent joinder does not arise simply because a claim ultimately may prove unsuccessful.  *See North Am. Specialty Ins. Co. v. Pucek,* No. 5:09-cv-49-JMH, 2009 WL 3711261, at *3 (E.D. Ky. Nov. 4, 2009).  To establish fraudulent joinder, the removing party must demonstrate that the non-diverse claim is not only bound to fail, but that it is "untenable ab initio."  *Davis v. Prentiss Prop. Ltd., Inc.,* 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999).  Astella has failed to demonstrate that, at the outset of litigation, Plaintiffs' claims against PAA Defendants and DAK Defendants were not colorable.

Accordingly, it is **ORDERED** that this matter is hereby **REMANDED** to the Fayette Circuit Court and the case shall be **STRICKEN** from this Court's active docket.

This the 9th day of March, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge